IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ERIC JAMES CARLSON and | ) | |
| KRISTY JEAN CARLSON, | ) | |
| | ) | CASE NO. BK09-83204-TJM |
| Debtor(s). | ) | A10-8018-TJM |
| ERIC JAMES CARLSON and | ) | |
| KRISTY JEAN CARLSON, | ) | |
| | ) | |
| Plaintiffs, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| HSBC MORTGAGE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

  This matter is before the court on the debtor-plaintiffs' motion for summary judgment (Fil. #5). No objection was filed. Erin M. McCartney represents the debtor. No appearance has been made for the defendant. Evidence and a brief was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

  The debtors filed this adversary proceeding to strip off a second lien against their residence.

  The following facts are uncontroverted:

  1. The plaintiffs are the debtors in this Chapter 13 proceeding.

  2. The plaintiffs are the owners of real property legally described as Lot 44, Cherry Ridge, an Addition to the City of Omaha, Douglas County, Nebraska as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 6709 North 110th Street, Omaha, NE 68164.

  3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

  4. HSBC Mortgage Services holds a first lien against the real property in the approximate amount of $137,900.00. Said lien was perfected on or about July 1, 2006.

  5. There also exists a second lien against the property held by HSBC Mortgage Services, Inc., in the approximate amount of $28,467.00.

6. Based upon an appraisal completed pursuant to the request of the debtors on November 25, 2009, the value of the personal residence in question is $125,000 at all relevant times. Upon information and belief, the second lien of the defendant is wholly unsecured.

7. The plaintiffs filed this adversary complaint on April 5, 2010.

8. The summons and complaint were served on the defendant by certified mail service, return receipt requested, on April 12, 2010.

9. The time for filing an answer or other response expired on May 5, 2010.

10. No answer or other response has been filed or served by the defendant HSBC Mortgage Services.

11. The defendant is not an infant or incompetent person as set out in Federal Rule of Bankruptcy Procedure 7055(b)(2), and the defendant is not in the military service.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior mortgagee where there is no equity securing the security interest in the property. This question has already been decided in this jurisdiction by In re Sanders, 202 B.R. 986 (Bankr. D. Neb. 1996). See also In re Valentine, Case No. BK07-40039-TLS (Bankr. D. Neb. Mar. 27, 2007).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off. As explained in Begley v. American Nat'l Bank (In re Begley), 2009 Bankr. LEXIS 2310 (Bankr. D. Neb. July 15, 2009),

> [t]his court is not alone in determining that a Chapter 13 debtor may strip off a junior mortgagee's wholly unsecured lien. See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2d Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3d Cir. 2000); Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277 (5th Cir. 2000); Lane v. W. Interstate Bancorp (In re Lane), 280 F.3d 663, (6th Cir. 2002); Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220 (9th Cir. 2002); Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357 (11th Cir. 2000); Johnson v. Asset Mgmt. Group, L.L.C. (In re Johnson), 226 B.R. 364 (D. Md. 1998); Domestic Bank v. Mann (In re Mann), 249 B.R. 831 (B.A.P. 1st Cir. 2000); Griffey v. U.S. Bank (In re Griffey), 335 B.R. 166 (B.A.P. 10th Cir. 2005); Lam v. Investors Thrift (In re Lam), 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997).
>
> Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

(1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Id. at *3-5.

There are no material facts in dispute here. The debtors may strip off the wholly unsecured second lien held by HSBC Mortgage Services for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, HSBC would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

IT IS ORDERED: The debtor-plaintiffs' motion for summary judgment (Fil. #5) is granted. Separate judgment will be entered.

DATED:     July 19, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Erin M. McCartney
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.